**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL CASE NO. 2:03-cr-19-9 |
| | § | |
| JORGE JONES | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 17, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jorge Jones. Defendant stated that he understood that he was under oath, understood that he had a right to proceed before a United States District Judge and waived that right, understood the proceeding before him, consulted with his attorney, was satisfied with his attorney, and was competent and ready to plead true. The government was represented by Richard Lee Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Attorney Robert Kelly Pace.

Defendant was sentenced on July 27, 2004, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession With Intent to Distribute and Distribution of Cocaine Base, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than twenty (20) years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Pursuant to U.S.S.G. § 4A1.3, the Court found that the criminal history category of V overstated the seriousness of the defendant's criminal history and departed two criminal history categories to a criminal history category of III. Therefore, based on an offense level of 23 and a criminal history category of III, the guideline imprisonment range was 57 to 71 months imprisonment. Defendant

was subsequently sentenced to 57 months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include disclosure of financial information, drug aftercare, and mental health aftercare. On April 20, 2007, Defendant completed his period of imprisonment and began service of the supervision term.

On November 28, 2007, Defendant agreed to enter the residential reentry center for a period of 180 days and signed the PROB 49 form. The modification was approved by U.S. District Judge T. John Ward on December 10, 2007.

Under the terms of supervised release, Defendant was subject to the following conditions alleged to have been violated:

1. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

2. Beginning at a time to be arranged by the probation office, Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. In lieu of paying subsistence to the residential reentry center, the offender shall deposit those funds into a savings account which shall not be accessed until the offender is released from the community confinement center.

In its petition, the government alleges that Defendant violated the above conditions in the following ways:

1. Defendant submitted urine samples on June 7, 2007; June 13, 2007; June 19, 2007; and on January 17, 2008, all of which tested positive for marijuana.

2.     a)     On May 22, 2008, Linda Farrell, Case Manager at the Residential Reentry Center ("RRC"), received a phone call from Guadalupe Martinez about the attendance at Loggin's Meat Company for Defendant. Ms. Farrell was informed that on May 13, 2008, and May 21, 2008, Defendant had called in to inform his supervisor at Loggin's Meat Company that he could not attend work on both of these days.

       b)     On May 13, 2008, Defendant signed out to work at Loggin's Meat Company at 6:40 pm. At 6:43 pm, he called and stated he had arrived at Loggin's Meat Company. At 5:30 am on May 14, 2008, he called and stated he was returning to the RRC from work. He arrived at the RRC at 5:47 am.

       c)     On May 21, 2008, Defendant signed out to work at Loggin's Meat Company at 6:12 pm. At 6:45 pm, he called and stated that he had arrived at work. At 5:38 am on May 22, 2008, he called and stated he was returning to the RRC from work. He arrived at the RRC at 6:24 am. Guadalupe Martinez, Human Resource Officer for Loggin's Meat Company verified that Defendant did not work on May 13, 2008 or May 21, 2008.

       d)     Defendant failed to observe and follow the rules of the RRC by reporting that he went to work when in fact he did not report to work on May 13, 2008, or May 21, 2008. Defendant was subsequently unsuccessfully released from the RRC for not following facility rules.

At the hearing, the parties indicated they had come to an agreement whereby Defendant would plead true to all the above alleged violations of his conditions of supervised release. In exchange, the Government agreed to accept the Probation Officer's recommendation that Defendant

serve a term of imprisonment of 12 months and 11 days, which includes the unserved term of community confinement, with no additional term of supervised release to follow.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Should the Court find that Defendant violated his conditions of supervised release by using and possessing marijuana, and by failing to comply with the rules and regulations of the residential reentry center as directed, he will have committed a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Upon a finding of a Grade C violation, the Court may revoke the term of supervision, extend the supervision, or modify conditions of supervision.. U.S.S.G. § 7B1.3(a)(2). Furthermore, pursuant to U.S.S.G. § 7B1.4(a), in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months. Furthermore, pursuant to U.S.S.G. § 7B1.3(d), any community confinement previously imposed in connection with the sentence for which revocation is ordered that remains unserved at the time of revocation shall be ordered to be served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement may be converted to an equivalent period of imprisonment. The remaining unserved term of community confinement that is relevant to this case is 41 days.

Pursuant to the Sentencing Reform Act of 1984, the Court accepts Defendant's plea of true to the above allegations, and hereby **RECOMMENDS** that Defendant Jorge Jones' term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and eleven (11) days, which includes the

unserved term of community confinement.  There is to be no additional term of supervised release to follow.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge T. John Ward for adoption immediately upon issuance.

**So ORDERED and SIGNED this 17th day of June, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE